IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| NICKI COLIN WILLIAMS,<br>TDCJ No. 01817609,<br><br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | § § § § § § § § § § § § § § | Civil Action No. 7:16-cv-00123-O-BP |

**REPORT AND RECOMMENDATION DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Nicki Colin Williams pursuant to 28 U.S.C. § 2254. ECF No. 1. This case was referred to the undersigned pursuant to Special Order No. 3-251 on September 26, 2016. An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972).

After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Judge O'Connor DISMISS the Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice as time-barred.

**I.    Background**

This case involves a Petition for Writ of Habeas Corpus filed by Nicki Colin Williams ("Petitioner"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Petitioner seeks to challenge the validity of his state

conviction of continuous sexual abuse of a child under fourteen. *Id.* at 2. Petitioner seeks federal habeas relief based on ineffective assistance of counsel rendered by trial counsel. *Id.* at 6. Pursuant to the Court's Order (ECF No. 7), Respondent has filed a preliminary response arguing that the instant petition is barred by the one-year statute of limitations. ECF No. 8. Petitioner did not file a reply to Respondent's preliminary response.

Pursuant to a plea bargain, Petitioner pleaded guilty on December 10, 2013 in the Criminal District Court Number Four of Dallas County, Texas to four counts of indecency with a child, one count of continuous indecency with a child, and one count of continuous sexual abuse of a child under fourteen. ECF No. 8-1 at 1-2. Per the terms of the plea bargain, Petitioner was sentenced to twenty-five (25) years of confinement for the continuous sexual abuse of a child under fourteen charge and two (2) years of confinement for the remaining five charges. *Id.* at 2; ECF No. 10-9 at 98-104. Thereafter, Petitioner timely filed a motion for new trial but did not otherwise directly appeal. Petitioner filed the instant petition on September 19, 2016.[1]

## II. Legal Standard and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). The original petition filed in this action is dated September 19, 2016 (ECF No. 1 at 10), which will be considered the filing date for the purpose of this Court's review.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was sentenced in accordance with his plea agreement on December 10, 2013. ECF No. 8-1 at 1-2; ECF No. 10-9 at 98-104. Because he timely filed a motion for new trial, Petitioner's conviction became final on March 10, 2014, the last day he could have timely filed his appeal. 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 26.2(a)(2). Therefore, his one-year filing deadline for filing a federal habeas petition was March 10, 2015.

A "properly filed" state habeas application will toll the federal statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application, WR-83,663-01, was filed by his counsel on February 27, 2015, twelve days before the deadline to file his federal habeas petition. ECF No. 6-1. This application tolled the federal limitations period for 454 days, the duration of the pendency of his state habeas application. 28 U.S.C. § 2244(d)(2). Subsequently, the federal limitations period again began to run after the Texas Court of Criminal Appeals denied Petitioner's state habeas application on May 25, 2016. ECF Nos. 10-5, 10-10. Therefore, Petitioner's federal habeas petition was required to be filed by June 6, 2016. Petitioner failed to file his federal habeas petition within the statutory period of limitations, as the earliest possible filing date of the instant petition is September 19, 2016. 28 U.S.C. § 2244(d)(1). Petitioner has not shown any impediment to filing

created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 Fed. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state postconviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application). Accordingly, this case is subject to dismissal as barred by the statute of limitations.

### III.    Conclusion

Because Petitioner has not shown that he is entitled to equitable tolling of his time-barred habeas petition, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED with prejudice as time-barred.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed January 3, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE